```
           IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

JAMES E. BOWMAN,

                              Plaintiff,

                                                      CIVIL ACTION
        vs.                                                    No. 04-3419-GTV

OFFICER JOHNTON, et al.,

                              Defendants.


### ORDER

Plaintiff, a prisoner confined in a facility operated by Corrections Corporation of America (CCA) in Leavenworth, Kansas, proceeds pro se on a civil complaint. Having reviewed plaintiff's limited financial resources, the court assesses no initial partial filing fee under 28 U.S.C. 1915(b)(1), and grants plaintiff leave to proceed in forma pauperis. See 28 U.S.C. 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $150.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. 1915(b)(2).

By an order dated December 9, 2004, the court directed plaintiff to supplement the complaint with a showing of plaintiff's full exhaustion of administrative remedies, as required by 42 U.S.C. 1997e(a). The court has reviewed the supplemental material provided by plaintiff, and finds the

complaint should be dismissed.

The Prison Litigation Reform Act (PLRA), effective April 26, 1996, mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. 1997e(a).  Full exhaustion of all claims presented in the complaint is required.  See Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)(1997e(a) requires "total exhaustion;" prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed). Significant to the instant action, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a section 1983 claim under [the Act] for failure to exhaust his administrative remedies."  Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

Plaintiff documents his attempts to seek administrative review of the claims asserted in his complaint.  However, the administrative responses in these documents clearly reveal that plaintiff's administrative appeals were incomplete and untimely filed.  As a result, plaintiff fails to demonstrate his compliance with the exhaustion requirement imposed by 42 U.S.C. 1997e(a). See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002)(inmate who begins grievance procedure and does not complete it by filing appeal after response time has expired is barred by 1997e(a) from pursuing claim under 42 U.S.C. 1983).

Additionally, even if full exhaustion of administrative remedies could be assumed, the court finds the complaint would be subject to being dismissed as stating no claim for relief. See 28 U.S.C. 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

Plaintiff is confined in the CCA facility in the custody of the United States Marshal Service, and seeks relief for the alleged deprivation of his constitutional rights. Plaintiff states he was placed in segregation because an administrative grievance he submitted to complain about a break in the customary procedure for getting haircut was perceived as threatening to a staff member. He seeks declaratory judgment and injunctive relief on his claim that this segregated confinement constituted unlawful retaliation and impermissible interference in his right to file an administrative grievance. He also argues there has been no proper investigation or resolution of his grievance.

Plaintiff's placement in administrative segregation for investigation of a perceived threat to security did not subject plaintiff to "the type of atypical, significant deprivation" for creation of a liberty interest protected by the Due Process Clause. Sandin v. Conner, 515 U.S. 472 (1995).

Moreover, plaintiff has no constitutional entitlement to a grievance procedure, and the creation of a grievance procedure does not thereby create any federal constitutional rights. See

3

<u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994); <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8th Cir. 1991).  Here, the claim underlying plaintiff's administrative grievance clearly involves no established constitutional right, thus the alleged violations of CCA administrative grievance procedures did not deprive plaintiff of any constitutional rights.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that the complaint is dismissed without prejudice, pursuant to 42 U.S.C. 1997e(a), and that plaintiff's motions for declaratory judgment, a temporary restraining order, and a permanent injunction (Doc. 3) are denied.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 18th day of May 2005.


<u>/s/ G. T. VanBebber</u>
G. T. VANBEBBER
United States Senior District Judge